IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 29, 2010 at Knoxville

**JAMES HALL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2006-B-1005     J. Randall Wyatt, Jr., Judge**

———————————————

**No. M2009-00652-CCA-R3-HC - Filed October 29, 2010**

———————————————

The Petitioner, James Hall, appeals as of right from the Davidson County Criminal Court's summary dismissal of his petition for a writ of habeas corpus challenging his sentence for his conviction of possession with intent to distribute 0.5 grams of a schedule II controlled substance. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

James Hall, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Clarence E. Lutz, Assistant Attorney General.

**OPINION**

On December 20, 2005, the Petitioner was indicted for possession with intent to sell or deliver 0.5 grams or more of a schedule II controlled substance, a Class B felony. On June 21, 2006, the Petitioner pled guilty to possession with intent to distribute less than 0.5 grams of a schedule II controlled substance, a Class C felony. As reflected in the plea agreement documents contained in the record on appeal, the Petitioner agreed to plead guilty in exchange for a conviction of lesser felony; a four-year, Range I sentence; and concurrent sentencing. His sentence for the possession conviction, according to the plea agreement, was to be served concurrently with a "current [Tennessee Department of Correction] sentence out of Division I." However, the judgment in the Petitioner's case reflects that the Petitioner was ordered to serve the sentence for the possession conviction consecutively to a parole violation

conviction. It is unclear from the record whether the parole violation conviction is the same conviction that was referenced in the plea agreement documents. The Petitioner did not appeal his sentence, file a petition to withdraw his guilty plea, or seek post-conviction relief. On November 14, 2008, the Petitioner filed a petition for writ of habeas corpus in the Davidson County Criminal Court. However, at that time, he was incarcerated in the Turney Central Industrial Prison and Farm in Hickman County, Tennessee.

In his petition for writ of habeas corpus, the Petitioner challenged the legality of his sentence and the voluntariness of his guilty plea. The Petitioner alleged that the Davidson County Criminal Court was the "most convenient" forum in which to file his petition. The Petitioner, citing State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978), also noted that the trial judge in Davidson County was the judge that sentenced the Petitioner and stated that "due to the illegal sentence imposed, the trial judge may correct an illegal sentence, as opposed to a merely erroneous sentence at any time even if it has become final." The habeas corpus court summarily dismissed the petition for failure to file the petition in the county of incarceration, Hickman County. The habeas court noted that the Petitioner did not "put forth sufficient reason why the courts of Hickman County should not hear th[e] petition."

ANALYSIS

From our review of the petition, we discern that the Petitioner contends that the sentence imposed in this case is contrary to his guilty plea agreement with the state, thereby rendering his plea involuntary. The Petitioner also contends that since the bargained for sentence violates Rule 32 of the Tennessee Rules of Criminal Procedure and therefore cannot be legally imposed, he is entitled to withdraw his guilty plea. The State does not respond to the substance of the Petitioner's allegations; instead, the State responds that the Petitioner's allegations were not verified by affidavit and that the unverified allegations contained in the petition do not even specifically address the Petitioner's alleged illegal restraint under the 2006 judgment. The State further responds that the petition does not contain any allegations in support of the Petitioner's conclusive assertion that the Davidson County Criminal Court was the most convenient forum in which to file the petition.

"[I]n Tennessee, [the] grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid

because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). The determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. Smith v. Lewis, 202 S.W.3d 124, 127 (Tenn. 2006).

Procedurally, we note that the failure to file a petition for a writ of habeas corpus in the county of incarceration, absent a sufficient reason for not doing so, is a proper basis for the dismissal of the petition. Tenn. Code Ann. § 29-21-105. "However, if a petition does state a reason explaining why it was filed in a court other than the one nearest the petitioner, the petition may be dismissed pursuant to this section only if the stated reason is insufficient." Davis v. State, 261 S.W.3d 16, 21 (Tenn. Crim. App. 2008). In Davis, the court concluded that "the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at anytime is a sufficient reason under Tennessee Code Annotated section 29-21-105 for the petitioner to file in the convicting court rather than the court closest in point of distance." Id. at 22. Here, the Petitioner attached the Davis opinion and asserted that the Davidson County Criminal Court was the convicting court, that the convicting court had all of the necessary records pertaining to the challenged sentence, and that the convicting court can correct an illegal sentence. Accordingly, we conclude that the Petitioner provided a sufficient reason to file his documents in the convicting court, as opposed to the court in the county of his incarceration, and that the habeas court erred in summarily dismissing his petition on this ground. However, this conclusion does not end our inquiry.

We note that concurrent sentencing in the Petitioner's case may not have been available because the judgment reflects that the Petitioner was in violation of his parole when he pled to the instant offense. See Tenn. R. Crim. P. 32(c). We agree with the Petitioner that "when a defendant bargains for and receives an illegal sentence, the defendant will have the option of resentencing on the original plea or withdrawal of the plea and recommendation of the prosecution." Smith v. Lewis, 202 S.W.3d 124, 129 (Tenn. 2006). We also agree with the Petitioner that "[a] general rule has developed in the law that where a concurrent sentence will not be imposed as promised, or the sentence bargained for is otherwise illegal, the defendant is entitled to withdraw the plea." McLaney v. Bell, 59 S.W.3d 90, 95 (Tenn. 2001), overruled on other grounds by Summers v. State, 212 S.W.3d 251 (Tenn. 2007). However, we recognize that "[i]n the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include

pertinent documents to support those factual assertions." Summers, 212 S.W.3d at 261. In the absence of supporting documentation, summary dismissal is appropriate. Id.

Although the Petitioner makes a compelling legal argument, the record before us is inadequate. The judgment in his case reflects that he was ordered to serve the sentence in his case consecutively to another conviction. The judgment and the plea documents do not reflect whether the conviction noted in the judgment form is the same as the conviction noted in the plea agreement. Therefore, the record before us is insufficient to support the Petitioner's assertion that he did not receive the plea bargain that he was promised and that he bargained for. Under these circumstances, we conclude that summary dismissal was appropriate.

Additionally, we note, as the State contended, that the petition was not verified by affidavit. Tennessee Code Annotated section 29-21-107(a) provides that the "[a]pplication for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit." While the Petitioner signed his petition, he did not verify the petition by affidavit. Summary dismissal would have been supported on this ground. See Summers, 212 S.W.3d at 260 ("A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements."). We also note that the State's contention that the Petitioner failed to specifically address his alleged illegal restraint under the 2006 judgment is incorrect. The Petitioner notes, on page three of his petition, that he is "presently incarcerated at Turney Center Industrial Prison in the [Tennessee Department of Correction located] in Hickman County, [Tennessee]."

CONCLUSION

The habeas corpus court erred in summarily dismissing the petition because the Petitioner offered sufficient justification for filing his petition for writ of habeas corpus in the convicting court instead of in the court in the county of incarceration. However, summary dismissal was appropriate because the Petitioner failed to submit sufficient documentation in support of his petition for writ of habeas corpus and because he did not verify his allegations by affidavit. Accordingly, we affirm the habeas corpus court's summary dismissal of the petition.

_____
D. KELLY THOMAS, JR., JUDGE